# EXHIBIT A

ELECTRONICALLY FILED - 2022 Mar 03 9:31 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001110

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | FOR THE 5TH JUDICIAL CIRCUIT |
| | ) | |
| Christopher Darnell Taylor, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | **SUMMONS** |
| | ) | |
| John Wayne Davis and Nellie Enterprises, LLC, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Columbia, South Carolina

Dated: March 3, 2022

                                          s/ Mario A. Pacella
                                        Attorney for Plaintiff

Address:   Strom Law Firm, LLC
                   6923 N. Trenholm Road
                   Columbia, South Carolina 29206
                   803-252-4800

SCCA 401 (5/02)

ELECTRONICALLY FILED - 2022 Mar 03 9:31 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001110

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| ) | |
| Christopher Darnell Taylor, ) | C/A No.: |
| Plaintiff, ) | |
| ) | |
| ) | **COMPLAINT** |
| v. ) | **(Jury Trial Requested)** |
| ) | |
| John Wayne Davis and ) | |
| Nellie Enterprises, LLC, ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW PLAINTIFF by and through his undersigned counsel of record, and brings this complaint against the Defendants, and alleges as follows:

## I. NATURE OF THE ACTION

1. Christopher Darnell Taylor, ("Plaintiff") brings this complaint for damages against John Wayne Davis and Nellie Enterprises, LLC, ("Defendants") for injuries that he suffered because of a motor vehicle accident that occurred on or around May 16, 2019, due to Defendant's negligent, reckless conduct.

2. Plaintiff seeks monetary damages from Defendants for Defendants' negligent, reckless, and unlawful acts, including but not limited to driving too fast for conditions, failure to abide by traffic laws in failing to yield, failure to maintain control of their motor vehicle, and failure to properly apply the brakes, all in contravention of South Carolina law.

## II. PARTIES

3. Plaintiff, Christopher Darnell Taylor resides in Richland County, South Carolina.

4. Upon information and belief, Defendant John Wayne Davis is a resident of Hunstville, Alabama. As a non-resident motorist, he can be served through the South Carolina Department of Motor Vehicles pursuant to S.C. Code Ann. § 15-9-370.

5. Upon information and belief, at all times relevant to this complaint, Defendant Nellie Enterprises, LLC is an Alabama Corporation with its principal place of business in Rainbow City, Alabama. Upon information and belief, Defendant John Wayne Davis was working within his scope of employment at the time of the accident that is the subject of this litigation and Nellie Enterprises, LLC is liable for his conduct under the theory of *respondeat*

1

*superior.* There is no agent for service of process in South Carolina for Defendant Nellie Enterprises. As such, service upon the Secretary of State pursuant to S.C. Code Ann. § 15-9-245 is proper.

### III. JURISDICTION AND VENUE

6. The vehicle collision that is the subject matter of this case occurred on or around May 16, 2019, in Aiken, South Carolina on I-20 East.

7. This court therefore has jurisdiction over Plaintiff's claims against the Defendants.

8. Venue is proper before this court pursuant to S.C. Code Ann. § 15-7-30(D)(2) as the Plaintiff resides in Richland County and the Defendant Davis resided out of state.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff re-alleges the preceding paragraphs as though repeated verbatim herein.

11. On May 16, 2019, Plaintiff was traveling East on I-20 in Aiken County.

12. Defendants' vehicle collided with Plaintiff's vehicle.

13. At the time of impact, Defendants' vehicle was traveling West on I-20 in Aiken County on the other side of the highway and in the opposite direction.

14. At the time of impact, Defendant Davis was distracted and driving too fast for conditions. Defendant failed to brake and maintain his lane, causing his vehicle to leave his lane, travel across the median, through the cable, and into oncoming traffic where he collided with Plaintiff's vehicle traveling in the right lane head on.

15. As a direct and proximate result of Defendants' negligent and reckless conduct in contravention with South Carolina law, this accident occurred, and Plaintiff sustained injuries.

16. As a result of the injuries Plaintiff sustained from the vehicle collision, Plaintiff sustained injuries and permanent work restrictions.

### V. CAUSES OF ACTION

COUNT I:
Negligence as to Defendant Davis

17. Plaintiff re-alleges the preceding paragraphs as though repeated verbatim herein.

ELECTRONICALLY FILED - 2022 Mar 03 9:31 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001110

ELECTRONICALLY FILED - 2022 Mar 03 9:31 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001110

18.     On May 16, 2019, Defendant Davis was operating a motor vehicle on South Carolina roadways and had a duty to operate this vehicle with due and reasonable care in accordance with the traffic laws of South Carolina.

19.     Upon information and belief, Defendant Davis breached this duty in the following ways:

   a. Driving too fast for conditions;
   b. Failure to maintain control of his motor vehicle;
   c. Failing to properly apply the brakes; and
   d. Such other particulars as may be revealed during the discovery or trial.

20.     As a direct and proximate result of Defendant Davis' negligent, reckless and unlawful conduct, the Plaintiff suffered extensive damages including but not limited to:

   a. Pecuniary loss;
   b. Pain and suffering;
   c. Medical expenses;
   d. Mileage incurred in traveling to and from medical appointments; and
   e. Such additional damages as may be revealed through discovery.

<u>COUNT II:</u>
Negligence Per Se as to Defendant Davis

21.     Plaintiff realleges the preceding paragraphs as though set forth verbatim.

22.     On May 16, 2019, Defendant Davis was operating a motor vehicle on South Carolina roadways and had a duty to operate this vehicle with due and reasonable care in accordance with the traffic laws of South Carolina.

23.     In general, the violation of a statute ordinarily establishes the per se negligence of the offending driver.

24.     S.C. Code Ann. § 56-5-1520 provides: "A person shall not drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Speed must be so controlled to avoid colliding with a person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of a person to use care."

25.     Defendant Davis, while driving on a South Carolina highway, breached this statutory duty in the following ways:

3

a. Driving too fast for conditions;

b. Failing to maintain his lane and control of his vehicle;

c. Failing to properly apply the brakes; and

d. Such other particulars as may be revealed during discovery or trial.

26. Defendant Davis' statutory violation, while driving on a South Carolina highway, constitutes the complete absence of care on the part of the defendant.

27. As a direct and proximate result of Defendant Davis' statutory violation, the Plaintiff suffered extensive damages, including but not limited to:

e. Pecuniary loss;

f. Pain and suffering;

g. Medical expenses;

h. Mileage incurred in traveling to and from medical appointments; and

i. Such additional damages as may be revealed through discovery.

## COUNT III:
*Respondeat Superior* as to Defendant Nellie Enterprises

28. Plaintiff realleges the preceding paragraphs as though set forth verbatim.

29. At all times relevant to this Complaint, Defendant Davis was an employee of Nellie Enterprises, LLC.

30. At all times relevant to this Complaint, Defendant Davis was working in the course and scope of his employment.

31. Nellie Enterprises, LLC is thus vicariously liable for the acts and omissions of Defendant Davis, as articulated more fully above.

32. As a direct and proximate result of the conduct alleged more fully herein, Plaintiff is entitled to all actual and consequential damages incurred from Nellie Enterprises, LLC.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this court issue an order in favor of the Plaintiff and against the Defendants as follows:

Award the Plaintiff actual, compensatory, special, consequential damages, and lost wages to be determined at a trial of this matter.

ELECTRONICALLY FILED - 2022 Mar 03 9:31 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001110

## **DEMAND FOR TRIAL BY JURY**

Plaintiff requests a jury trial on any issue so triable.

RESPECTFULLY SUBMITTED this 3rd day of March, 2022.

                STROM LAW FIRM, LLC

                s/ Mario A. Pacella
                Mario A. Pacella (SC Bar #68488)
                Amy Willbanks (SC Bar #69331)
                6923 N. Trenholm Road
                Columbia, SC 29206
                803-252-4800
                mpacella@stromlaw.com
                awillbanks@stromlaw.com

ELECTRONICALLY FILED - 2022 Mar 03 9:31 AM - RICHLAND - COMMON PLEAS - CASE#2022CP4001110